UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Avaun Johnson

        v.                          Civil No. 20-cv-920-JD
                                    Opinion No. 2021 DNH 042
Warden, FCI Berlin


O R D E R

        Avaun Johnson, proceeding pro se, brings a petition under
28 U.S.C. § 2241, alleging that his due process rights were
violated in a disciplinary proceeding while he was held at FCI
Fort Dix.  The government moves to dismiss the petition,
contending that Johnson does not allege a due process violation
and cannot raise a new claim that was not previously exhausted.
Johnson did not respond to the motion to dismiss.


Standard of Review

        In considering a motion to dismiss under Federal Rule of
Civil Procedure 12(b)(6), the court asks whether the complaint
contains factual allegations that are sufficient to state a
claim to relief that is plausible on its face.[1]  Newton Covenant

---

[1] Rule 12(b)(6) is applicable to petitions under § 2241.
See Barnes v. Spaulding, No. CV 19-11745-RGS, 2020 WL 6065045,
at *7 (D. Mass. Sept. 24, 2020), report and recommendation
adopted, No. CV 19-11745-RGS, 2020 WL 6060922 (D. Mass. Oct. 14,
2020)

Church v. Great Am. Ins. Co., 956 F.3d 32, 35 (1st Cir. 2020).
The court accepts all non-conclusory and non-speculative facts
as true and draws all reasonable inferences in the non-moving
party's favor. Lyman v. Baker, 954 F.3d 351, 360 (1st Cir.
2020). The court, however, disregards conclusory allegations
that simply "parrot the relevant legal standard." O'Brien v.
Deutsche Bank Nat. Tr. Co., 948 F.3d 31, 35 (1st Cir. 2020).

Courts continue to presume that a federal prisoner may
bring a petition under § 2241 to challenge prison disciplinary
actions that resulted in a loss of good time credits. Francis
v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015) (noting dictum in
Pepper v. United States, 562 U.S. 476, 501 n.14 (2011) that
suggested that such relief might not be available but assuming
the petition could proceed); Toth v. Spaulding, 2020 WL 4698534,
at *2 (D. Mass. Aug. 12, 2020). The petition is properly filed
in the district where the prisoner is currently incarcerated.
Id. Before bringing a petition under § 2241, however, a
prisoner must exhaust available administrative remedies. Jones
v. Warden, 2020 WL 1326151, at *3 (D.N.H. Mar. 2, 2020)
(providing the process for exhausting remedies following a
prison disciplinary proceeding).

Background

    While he was incarcerated at FCI Fort Dix, Johnson was
charged with being in possession of a cellphone in violation of
prison rules.  He was given notice of the charge, and a hearing
was held before a hearing officer.  Johnson denied the charge.
The hearing officer found, based on a written report submitted
by the staff member who saw Johnson with the cellphone and found
the cellphone along with related items, that Johnson was guilty
of the charge.  The sanctions imposed included loss of forty-one
days of good conduct time.

    Johnson appealed that decision stating his grounds as
violation of his due process and equal protection rights.  In
support, he argued that the reporting officer lied when he said
that Johnson had admitted the cellphone was his but also argued
that he had not been informed of his rights.  In addition, he
argued that proof was lacking that the cellphone did not belong
to another inmate.  He further argued that his due process
rights were violated because the hearing officer had not had the
specialized training and certification test that is required
under the Bureau of Prisons ("BOP") Program Statement
§ 541.8(b).

    The regional director issued a decision on Johnson's appeal
in which he stated:  "A complete review of the disciplinary

proceedings revealed no due process concerns or deviations from policy." Doc. 1-1, at *7. The regional director further stated that Johnson was allowed an opportunity to present evidence and provide a statement in his defense. After further discussing the hearing officer's decision and the sanctions imposed, the regional director denied the appeal.

Johnson then filed the same appeal statement with the Administrative Remedy Section of the BOP. The Administrator of National Inmate Appeals stated that the review of the disciplinary proceedings showed that they complied with BOP Program Statement 5270.09, Inmate Discipline Program. He further stated that the hearing officer's decision was based on the evidence, that Johnson's due process rights were upheld, and that the sanctions imposed were appropriate and in compliance with policy. For those reasons, Johnson's appeal was denied.

## Discussion

In his petition, Johnson alleges that his procedural due process rights were violated because the hearing officer who conducted his disciplinary hearing was not trained or certified as required by the BOP's Program statement.[2] He also contends

---

[2] He appears to be referring to BOP Program Statement 5270.09, § 541.8(b), although he cites the regulation, 28 C.F.R. § 541.8(b).

that he was not allowed to present evidence to show his
innocence.  The government objects.


A.  Training and Certification of the Hearing Officer

        Although Johnson states that he knew the hearing officer
was not trained or certified as required by the BOP program
statement, he provides no basis for that statement.  He also
states that he raised the issue during the hearing, but the
hearing officer's decision did not address it.  Johnson did
raise the issue on appeal, but both of the decisions on appeal
found that there were no violations of his due process rights or
the BOP's Program Statement 5270.09, the Inmate Discipline
Program, which includes the training and certification
requirement at § 541.8(b).[3]  In light of the appeals findings,
Johnson has not alleged a plausible claim that the hearing
officer was not trained and certified as required under
§ 541.8(b).

        Even if the hearing officer were not trained and certified
as required by the BOP program statement, however, that
circumstance would not be a ground for relief under § 2241.
"Where a prison disciplinary proceeding may result in the loss

_____

        [3] Program Statement § 541.8(b) provides in relevant part:
"A DHO may not conduct hearings without receiving specialized
training and passing a certification test."

of good time credits, . . . the inmate must receive (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985).  In addition, the proceeding must be conducted before an impartial decision maker.  Surprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005).  28 C.F.R. § 541.8(b) provides that a disciplinary hearing officer must be impartial and "not a victim, witness, investigator, or otherwise significantly involved in the incident."

Johnson does not allege that the hearing officer was biased in any manner.  His claim is that his due process rights were violated because the hearing officer was not trained or certified in compliance with BOP Program Statement § 541.8(b). That allegation, however, even taken as true, does not state a due process violation.

"A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law."  Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir.

2011); Waters v. Von Blanckensee, No. CV-20-00122-TUC-DCB, 2020 WL 6816359, at *5 (D. Ariz. Sept. 29, 2020), report and recommendation adopted, 2020 WL 6802482 (D. Ariz. Nov. 19, 2020); Sejour v. Sanders, No. CV 11-05744 DMG AN, 2012 WL 1247185, at *7 (C.D. Cal. Jan. 18, 2012), report and recommendation adopted, 2012 WL 1252531 (C.D. Cal. Apr. 13, 2012).  The cases that Johnson cites to show that a violation of the program statement violated his due process rights do not support his argument.  Bristrian v. Levy, 299 F. Supp. 3d 686 (E.D. Pa. 2018), aff'd in part, rev'd in part, 912 F.3d 79 (3d Cir. 2018) (no due process claim raising BOP program statement training and certification requirements); Buford v. Gilley, 14-cv-160, 2017 WL 9565842, at *9 (N.D. W. Va July 27, 2017) (mentioning program statement requirements but no due process claim based on violation of requirements); Holiday v. DHO Disciplinary Hearing Bd. of BOP, 15 cv 22, 2015 WL 8781498, at *7 (N.D. W.Va. Oct. 28, 2015) (mentioning training but no due process claim raised based on program statement), report and recommendation adopted, 2015 WL 8756961 (N.D. W.Va. Dec. 14, 2015); Brown v. Jordan, CV-12-2420, 2013 WL 6199144, at *4 (M.D. Pa. Nov. 27, 2013) (stating that failure to comply with BOP program statement for training does not cause due process violation absent a showing of prejudice); Molina v. Longley,

7

Civil Action No. 10-294E, 2012 WL 2679488 (W.D. Pa. July 6, 2012) (no due process claim raising BOP program statement requirements).

Johnson has not shown that a due process violation occurred even if the hearing officer who presided at his disciplinary proceeding had not been trained and certified as required under Program Statement § 541.8(b).

B.  <u>Evidence to Show Innocence</u>

Johnson alleges that he asked the hearing officer to review surveillance video to show that he was in the gymnasium at the time the staff member reported that Johnson was in his cell using a cellphone.  He further alleges that the hearing officer declined to review the video footage.  That request was not mentioned in the hearing officer's decision.  Further, Johnson did not raise an issue about the surveillance video footage in either appeal.

As is provided above, an inmate must exhaust administrative remedies before bringing a claim under § 2241.  Jones, 2020 WL 1326151, at *3; <u>see also</u> Brown v. Ebbert, 2016 WL 695193, at *3 (M.D. Pa Feb. 18, 2016).  Because there is no indication in the record that Johnson raised a claim about the hearing officer not viewing surveillance video that he alleges supported his

defense, Johnson has not exhausted that claim.  For that reason, the court will not consider it in support of his petition under § 2241.

## Conclusion

For the foregoing reasons, the government's motion to dismiss (document no. 10) is granted.

The petition (document no. 1) is dismissed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

February 24, 2021

cc:  Avaun Johnson, pro se.
     Seth R. Aframe, AUSA.